JOHN MILLER, petitioner and claimant below, appellant, *vs.* DIAMOND ICE & COAL COMPANY, employer and defendant below, appellee.

1. MASTER AND SERVANT—BOARD REHEARING COMPENSATION CASE MAY CONSIDER EVIDENCE TAKEN BOTH BEFORE AND AFTER REMAND.

In proceedings under Workmen's Compensation Law of 1917, before the Industrial Accident Board for review of a compensation agreement, the board on rehearing following the appellate court's remand for irregularities in the proceedings may consider the evidence adduced after the remanding order in connection with the evidence previously taken and the compensation agreement.

2. MASTER AND SERVANT—EVIDENCE HELD TO SHOW COMPENSATION CLAIMANT'S FAILURE TO REASONABLY FOLLOW PHYSICIAN'S DIRECTIONS.

In proceedings under Workmen's Compensation Law of 1917 for review of a compensation agreement, evidence *held* to prove that employee either willfully, or because of pain, neglected and refused to reasonably follow instructions of physicians, and that if he had followed instructions the impairment of his arm would not have existed.

3. MASTER AND SERVANT—COMPENSATION AWARD REASONABLY WARRANTED BY EVIDENCE FINAL.

Award of Industrial Accident Board will be neither reversed nor increased on appeal, where there is evidence to reasonably warrant it.

(*December 17, 1920.*)

BOYCE and RICE, J. J., sitting.

*Robert Adair* for appellant.

*Aaron Finger* for appellee.

Superior Court for New Castle County, November Term, 1920.

APPEAL from Industrial Accident Board, No. 147, May Term, 1920.

Proceedings under the Delaware Workmen's Compensation Law of 1917 (29 *Delaware Laws*, 763, *c.* 233) before the Industrial Accident Board by John Miller, claimant, for review of compensation agreement, No. 7902, on the ground of subsequent increased incapacity for work, against the Diamond Ice & Coal Company, the employer. The Industrial Accident Board found that the disability of the claimant had terminated on a date mentioned in the award and that thereafter he was not entitled to compensation. Claimant appealed. The appeal coming on to be heard, the

Statement.

Court remanded the record to the Board for a rehearing. On rehearing the Board made an award in favor of the claimant. Claimant appeals. Award affirmed.

On May 29, 1919, the claimant sustained an accident in the course of his employment with the employer. On June 14, 1919, the parties entered into an agreement to the effect that the injured employee should receive compensation at the rate of $12.00 per week, based on an average weekly wage of $24.00, at the time of his injury, payable from and including May 30, 1919, until terminated in accordance with the act. On December 3, 1919, the injured employee filed a petition with the Board for review of the compensation agreement on the ground that his incapacity for work had subsequently increased, and prayed for a hearing to determine the matter in accordance with the facts and the law. After the hearing on the petition for review of the compensation agreement, the Board, on January 16, 1920, determined that the disability had terminated on December 18, 1919, but awarded compensation to the claimant from and including November 28, 1919, to and including December 18, 1919, at the rate of $12.00 per week, being for a total sum of $36.00. The claimant appealed but because of irregularities in the proceedings the record was remanded for a rehearing. After the rehearing, the Board on May 11, 1920, found, in substance, that the injury of the claimant had not been reasonably treated, and that if the injury had been reasonably treated (29 *Del. Laws*, *c.* 789, § 3193 ss) the earning power of the claimant on and after November 28, 1919, would have been impaired ten per cent., thus reducing his earning power from $24.00 per week to $21.60 per week, and made an order that the employer pay compensation to the claimant under the provisions of subsection (b) of section 103 of the Act at the rate of one dollar and twenty cents per week, said amount being fifty per centum of the difference between the wages received by the claimant before the injury and his earning power thereafter, had the injury been reasonably treated, and that the compensation so awarded should be payable from and including May 11, 1920, until the termination

of claimant's partial disability for work, not, however, beyond two hundred and eighty-five weeks subsequent to May 29, 1919.

The injury to the claimant was caused by his being struck on the left arm by a bucket used in unloading coal, and the arm was broken at the elbow. Subsequently, the head of the radius was amputated, impairing to some extent the motion of extension and flexion of the arm. The claimant was thereafter directed by the attending physician and surgeon to exercise the arm and do light labor which the employer had offered to him to prevent contraction of the muscles and stiffening of the arm from lack of use. The claimant did both for a while, but because of pain neglected to follow the instructions given to him and discontinued doing the light work assigned to him by his employer. The testimony of several physicians is in agreement that the exercise and light work recommended would have been beneficial to the arm. The case before the Court on appeal from the award made after the rehearing ordered by the Court.

The grounds of the appeal are, in substance: (1) Because the board based its conclusions and findings not upon the evidence taken subsequently to the remanding order, but in conjunction therewith, and considered all the evidence previously taken, together with the compensation agreement, and all records of the Board relating to the matter in issue. (2) Because the evidence did not warrant the finding that the claimant was directed by his attending physician and surgeon to take certain exercises and treatments for improving the impaired condition of his arm, and he did not follow those directions; because the Board found that the claimant refused to do light work suitable to his capacity, and because the Board found that the claimant was not reasonably treated, and allowed him compensation only for such loss of earning power as would have been sustained by the claimant had the injured arm been reasonably treated. (3) Because the Board found from their observations of the claimant, and their knowledge acquired of the work he had been doing since the accident, that his earning power, even considering his present condition, is not impaired beyond thirty-three and one-third per cent., and if the injury had been

reasonably treated, his earning power would not have been im-
paired beyond ten per cent.; and because the Board also found that
the injury was not reasonably treated and that had it been reason-
ably treated the earning power of the claimant would have been
impaired ten per cent., thereby reducing his earning power from
twenty-four dollars per week to twenty-one dollars and sixty cents
per week.   It was alleged that such findings by the Board are
against the law and also the evidence, and that the impairment as
shown by the evidence is permanent and disabling to the extent
of not less than thirty-three and one-third per cent.; that his earn-
ing capacity since the accident has not been in excess of twelve
dollars per week and that his employment has been uncertain and
irregular, thereby reducing his earning capacity to a sum much
less than twelve dollars per week on an averge.   It was also al-
leged that the claimant was treated for his injury by the physician
at the hospital and by those designated by the appellee's insurance
company;   and that the complainant did nothing whatever to
hinder or prevent proper treatment of his injury by said physician.

PER CURIAM. [1, 2] The Industrial Accident Board very pro-
perly considered the evidence adduced before them after the re-
manding order by the Court in connection with the evidence pre-
viously taken and the compensation agreement between the par-
ties.   The claimant's injury to his left arm at the elbow and the
general character thereof are well shown by the claimant and the
several physicians who testified before the Board.   There doubt-
less exists an impairment in the rotary motion of claimant's arm
but to what degree it is difficult to determine from the evidence.
The claimant was advised by his physician to exercise his arm and
to do light work such as his employer had for him at a weekly wage
of twelve dollars.   The physicians agreed that the exercise and
labor recommended when done and performed caused the claim-
ant pain as testified to by him, but that such exercise and work were
necessary not only to prevent further impairment of the arm, but
to aid in recovery from the effects of the injury, and the physicians
practically agreed that if the claimant had followed the directions
given to him, his arm would not be in its present stiffened condition

but he would have acquired almost the natural use of his arm. It is manifest from the evidence that the claimant either wilfully or because of pain neglected and refused to reasonably follow the instructions given to him. It is difficult to determine with accuracy just what degree of impairment there would now exist in claimant's arm as the result of his injury, if he had had the arm seasonably and reasonably treated, and if he had not neglected or refused to reasonably follow the instructions given to him in aid of recovery in the use of his arm.

[3] The Court after careful examination and consideration of the record cannot say that the evidence and all surrounding circumstances do not reasonably warrant the award made by the Industrial Accident Board, and this being so, the award should neither be reversed nor increased. The award of the Board is, therefore, affirmed, but the costs of the appeal are awarded and taxed against the appellees.