SOPHIA KRAJEWSKI, respondent below, appellant, *v.* THE AMAL-
GAMATED LEATHER COMPANIES, INCORPORATED, petitioner be-
low, respondent.

*(May 22, 1929.)*

RICE, J., sitting.

*Robert Adair* for respondent below, appellant.

Superior Court for New Castle County, No. 144, January
Term, 1927.

RICE, J., delivering the opinion of the court:

Doctor Speer is a surgeon and medical doctor of high standing in this community and I believe his abilities as such are generally recognized by his fellow practitioners in this city and state. His standing as a man of honesty, integrity and truthfulness is also beyond question. However, it is the contention of counsel for the appellant that by reason of his employment by several corporations doing business in this city and by several insurance companies, that he is not a disinterested witness within the terms of section 116 of the Workmen's Compensation Act (29 *Del. Laws, c.* 233), which, in part, provides:

"Said board, may in any case, upon the application of either party, or on its own motion, appoint a disinterested and duly qualified physician to make any necessary medical examination of the employee, and testify in respect thereto."

■ There are a number of definitions as to what constitutes a disinterested witness. The following are quoted as fair examples:

"One who has no interest in the cause or matter at issue, and who is lawfully competent to testify." 1 *Bouv. Law Dict.* (3d *Ed.*) 886.

"The term 'disinterested,' as applied to a witness, means devoid of pecuniary interest; having no prospect of gain or loss." 3 *Words and Phrases, First Series,* 2104.

"A 'disinterested' attorney, whose advice is a defense to an action for malicious prosecution, is one not financially interested in the outcome of the prosecution, nor related to the parties, or not so biased because of enmity against accused, or some other equally substantial reason, as to be prevented from giving good faith advice, and the fact that he represented defendant in other litigation would not make him 'interested' so as to disqualify him from giving advice." 2 *Words and Phrases, Third Series,* 1082.

"Without any interest in the matter in controversy, and free from all prejudice or partiality." 2 Words and Phrases, Third Series, 1083.

"Disinterested means not biased or prejudiced, not interested, and not in employ of either party." 2 *Words and Phrases, Third Series,* 1083.

Applying these definitions, or any other that I have been able to find, to the facts in this case, Doctor Speer clearly appears to have been a disinterested witness in every respect. He was thoroughly competent to make the examination of the employee; he had no interest in the cause or any matter in issue therein; he had no pecuniary interest in the outcome of the proceeding and had no prospect of gain or loss whichever way it should be decided; he was not related to either of the parties, nor does it appear that he was biased against the employee or partially inclined toward the employer; he was not employed by either party to make the examination, but was designated by the Industrial Accident Board to make it.

It would be most difficult indeed to secure the services of a surgeon or physician here of recognized ability who had not been at some time employed in a professional capacity by a corporation or corporations doing business in this city. It would likewise be difficult to obtain the services of a physician of prominence in this city who at some time had not been employed to perform professional services for some insurance company doing business here.

My conclusion, therefore, is that Dr. Speer was a qualified witness and that the order of the Accident Board must be affirmed.

NOTE. *Rudnick v. White Bros.,* 7 *Boyce* 578, 109 *A.* 881, and *Miller v. Diamond Ice & Coal Co.,* 1 *W. W. Harr.* (31 *Del.*) 140,

111 *A.* 745, both held that an order of the Accident Board would not be set aside by this court on appeal when the evidence in the record though conflicting reasonably supported such an order. The opinion of the court in the Krajewski case was also in part based on those cases, but it was not deemed necessary to report that part of the opinion.